UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| Chattanooga-Hamilton County Hospital Authority, d/b/a Erlanger Medical Center and Erlanger Health System, <br><br> Plaintiff, <br><br> v. <br><br> Xerox Corporation; Xerox Business Services, LLC, f/k/a Affiliated Computer Services, Inc. d/b/a ACS, <br><br> Defendants. | Civil Action No. 1:16-cv-00496 <br> Judge Phillips <br> Magistrate Judge Steger |

**MEMORANDUM IN SUPPORT OF
DEFENDANT XEROX CORPORATION'S MOTION TO DISMISS**

Plaintiff Chattanooga-Hamilton County Hospital Authority, d/b/a Erlanger Medical Center and Erlanger Health System ("Erlanger") seeks to recover certain amounts that Erlanger agreed to refund to the government due to purportedly fraudulent medical billing. Erlanger has sued Xerox Corporation ("Xerox") and Xerox Business Services, LLC ("XBS"), f/k/a Affiliated Computer Services, Inc. (which indirectly did business as ACS Healthcare Solutions) ("ACS"). As explained in a previous filing, the claims against ACS fail as a matter of law. (*See* Doc. Nos. 7 & 8).

The Complaint only alleges that ACS entered into contracts 2005 and 2006 to provide services to Erlanger through 2008, that ACS was subsequently purchased by Xerox, and that XBS, a subsidiary of Xerox, did business as ACS. (Compl. ¶ 4, 10). Erlanger does not allege *any* facts to establish if, how or why Xerox could be held liable for the conduct alleged in the Complaint. Thus, the Complaint alleges no privity of contract between Erlanger and Xerox, no independent conduct of Xerox, and no facts that would support a finding that Xerox should be liable for the

alleged conduct of ACS. As such, Erlanger fails to state claims against Xerox upon which relief can be granted. The Court should dismiss Xerox as a defendant in this case.

## I. STANDARD OF REVIEW

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations set forth in the complaint as true, and determine whether the plaintiff's factual allegations present plausible claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A complaint is legally insufficient "if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Furthermore, when a cause of action seeks to pierce the corporate veil on the basis of fraud — a required element of veil-piercing in Tennessee — it is subject to the heightened pleading standards of Rule 9(b). *See Southeast Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 672, 674 (6th Cir. 2006). Under Rule 9(b), claims for fraud "must [be] state[d] with particularity the circumstances constituting fraud."

## II. ARGUMENT

The Court should dismiss all claims against Xerox because Erlanger has not alleged **any** facts giving rise to claims directly against Xerox or any alter-ego basis for liability. Absent contractual privity with Xerox, or allegations of direct conduct by Xerox, which Erlanger does not have — or even allege to have — Erlanger is left only with an "alter-ego" theory of liability. In Tennessee, "[t]he principle of piercing the fiction of the corporate veil is to be applied with great

2

caution and not precipitately, since there is a presumption of corporate regularity," *See Southeast Texas Inns, Inc.,* 462 F.3d at 674 (quoting *Schlater v. Haynie*, 833 S.W.2d 919, 925 (Tenn. Ct. App. 1991) (internal citations omitted)). Thus, "[t]he party wishing to pierce the corporate veil has the burden of presenting facts demonstrating that it is entitled to this equitable relief." *Id.* (citing *Oceanics Schools, Inc. v. Barbour*, 112 S.W.3d 135, 140 (Tenn. Ct. App. 2003)).

To state a claim against a parent company for its subsidiary's acts, a plaintiff must allege facts suggestive that "such a complete identity between the defendant and the corporation [exists] as to suggest that one was simply the alter ego of the other" *Precision, Inc. v. Kenco/Williams, Inc.,* 66 Fed. Appx. 1, 4 (6th Cir. 2003) (internal quotations and citation omitted). Moreover, in Tennessee, "'fraud or similar injustice' must be demonstrated in order to pierce the corporate veil." *See Southeast Texas Inns, Inc.,* 462 F.3d at 674.[1]

Here, Plaintiff fails to allege any facts that even suggest Xerox was the "alter-ego" of ACS or factual allegations suggestive of "fraud or similar injustice" to warrant piercing ACS's corporate veil. (*See generally* Compl.). Instead, the only mention of Xerox is the bare allegation that Xerox was the sole member of XBS, a company that had acquired ACS, and that "[prior to the acquisition, ACS provided consulting services to Erlanger – services which are the subject of the Complaint." (*Id.* ¶ 4). In other words, Erlanger alleges only that Xerox was the parent company of a company

---

[1] *See also Continental Bankers Life Ins. Co. of the South v. Bank of Alamo*, 578 S.W.2d 625, 632 (Tenn. 1979) (the control of the parent corporation over the subsidiary "must have been used to commit a fraud or wrong[.]"); *Elec. Power Bd. of Chattanooga v. St. Joseph Valley Structural Steel Corp.,* 691 S.W.2d 522, 526 (Tenn. 1985) (quoting the *Continental Bankers* test); *Tenn. Racquetball Investors, Ltd. v. Bell,* 709 S.W.2d 617, 622 (Tenn. Ct. App. 1986) (citing *Continental Bankers* and noting that under an alter ego theory of liability, "mere dominance, standing alone, does not render [a corporate director] liable for the corporate debts"; "[u]se of control to commit fraud or wrong" is also required to fix liability).

that later bought ACS, not that Xerox served as a parent company of ACS *at the time* the services giving rise to the Complaint were rendered.[2] (*Id.*).

Absent "facts to state a claim to relief that is plausible on its face," the Court must conclude that Erlanger has not stated claims against Xerox upon which relief can be granted. *See Newsboys, Inc. v. Warner Music Inc.*, 2013 WL 1718048, at *2 (M.D. Tenn. 2013) (citing *City of Columbus, Ohio v. Hotels.com, L.P.,* 693 F.3d 642, 648 (6th Cir. 2012) (citations and internal quotation marks omitted)). As such, because Erlanger has not pled, and in light of Xerox's lack of affiliation with ACS at the time of the operative events, could never plead, a direct or indirect claim against Xerox, any and all claims purportedly against Xerox should be dismissed.

### III. CONCLUSION.

For the foregoing reasons, the Court should dismiss Erlanger's claims against Xerox for failure to state a claim upon which relief can be granted.

---

[2] While the complete absence of allegations concerning Xerox more than justifies dismissal of Xerox as a party, it is worth noting that Erlanger pleaded its claim in this way because public records establish that Xerox did not purchase ACS until February 2010 — several years after the operative events occurred.
*See* https://www.sec.gov/Archives/edgar/data/108772/000119312510241233/d10q.htm (last visited Jan. 25, 2017)*; see also In re Unumprovident Corp. Securities Litigation*, 396 F. Supp. 2d 858, 875 (E.D. Tenn. 2005) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1275–81 (11th Cir. 1999) (approving practice of judicially noticing public disclosure documents filed with SEC)).

4

Respectfully submitted,

s/ William L. Campbell, Jr.
William L. Campbell, Jr. (BPR 022712)
Tonya J. Austin (BPR 033771)
Carl Eppler (BPR 31112)
FROST BROWN TODD LLC
150 3rd Avenue South, Suite 1900
Nashville, Tennessee 37201
615.251.5550 Telephone
615.251.5551 Facsimile
ccampbell@fbtlaw.com
taustin@fbtlaw.com
ceppler@fbtlaw.com

*Counsel for Defendant Xerox Corporation, Xerox Business Services, LLC, f/k/a Affiliated Computer Services, Inc., which owned ACS Consultant Company, Inc., d/b/a ACS Healthcare Solutions*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 25th day of January, 2017, the foregoing was filed electronically and served upon all registered users of the Electronic Case Filing System, including:

>Brian D. Roark
>Bass, Berry & Sims PLC
>150 Third Avenue South, Suite 2800
>Nashville, TN 37201
>*Counsel for Plaintiff*

s/ William L. Campbell, Jr.

0125009.0597375    4840-1460-9728v4

5

Case 1:16-cv-00496-TWP-CHS   Document 10   Filed 01/25/17   Page 5 of 5   PageID #: 258